**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

TANNER SHOLES,

    Plaintiff - Appellee,

v.

CHIP MCINTYRE; KURTIS LUSTER;
NATE BUSINGER; BRANDON
MONTOYA; MATT HAMMER,

    Defendants - Appellants,

and

THE CITY OF CRAIG COLORADO; KC
HUME; DALTON CAUDELL; TRACEY
MENDOZA,

    Defendants.

No. 25-1176
(D.C. No. 1:24-CV-01664-STV)
(D. Colo.)

_____

**ORDER**
_____

Before **TYMKOVICH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

This matter is before the court on Plaintiff-Appellee Tanner Sholes's Status

Report, filed June 23, 2026. For those reasons set out below, we **dismiss** this appeal as

moot.

On April 28, 2026, this court ordered the parties to answer two questions:

    (1) Should this court order a limited remand to allow the district
court to resolve whether Mr. Sholes should be allowed to file a Fourth
Amended Complaint?

(2) If this matter is remanded and the district court allows Mr. Sholes to file a Fourth Amended Complaint, is this appeal moot?

Although the parties disagreed as to the proper answer to the first question, they agreed that should this court remand the matter so the district court could exercise its discretion as to whether to allow Sholes to file a Fourth Amended Complaint, and should the district court allow such a filing, this appeal would be moot. *See* 10th Cir. Dkt. Entry No. 61 at 3 (Response of Plaintiff-Appellee); *Id.* Dkt. Entry No. 62 at 7-8 (Response of Defendants-Appellants). On May 5, 2026, this court remanded the matter to the United States District Court for the District of Colorado for the limited purpose of deciding whether Plaintiff-Appellee would be allowed to file a Fourth Amended Complaint. In their filing before the district court on that question, Defendants-Appellants again recognized that allowing the filing of Sholes's proposed Fourth Amended Complaint would moot this appeal. Dist. Ct. Dkt. Entry No. 86 at 8. On June 23, 2026, the district court entered a minute entry granting Sholes leave to file the Fourth Amended Complaint.

This appeal is from an order denying Defendants'-Appellants' Fed. R. Civ. P. 12(b)(6) motion for qualified immunity based on claims set out in Sholes's Third Amended Complaint. In resolving such an appeal, this court would consider whether the allegations set out in the Third Amended Complaint are "sufficient to show (assuming they are true) that the defendants plausibly violated [Sholes's] constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). That question is moot because the Fourth Amended Complaint has now entirely superseded the Third Amended Complaint. *Royal Canin,*

2

*U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35-36 (2025) ("If a plaintiff amends her complaint, the new pleading supersedes the old one: The original pleading no longer performs any function in the case. Or as we put the matter over a century ago: When a petition is amended, the cause proceeds on the amended petition. So changes in parties, or changes in claims, effectively remake the suit." (quotations and citations omitted)).

The order abating this appeal entered May 5, 2026, is lifted and the appeal is restored to active status. Because this appeal is moot, it is hereby **DISMISSED**. The mandate shall issue forthwith.

Entered for the Court

Per Curiam